IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EYVONNE ARTIS,
   *Plaintiff,*

      v.                             Civil Action No.: ELH-11-3406

U.S. FOODSERVICE, INC.,
   *Defendant.*

## MEMORANDUM

    Plaintiff Eyvonne Artis, who is self represented, has sued her former employer, U.S. Foodservice, Inc. ("USF"), defendant, alleging that she was discriminated against on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. *See* Complaint (ECF 1). Defendant has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion," ECF 7), alleging that plaintiff's claim is time-barred. Defendant asserts: "Plaintiff cannot maintain a Title VII action against USF because she failed to file this lawsuit within 90 days of receipt of her right to sue letter from the Equal Employment Opportunity Commission ('EEOC')." *See* "Memorandum Of Points And Authorities In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint" ("Memo," ECF 7-1) at 1. Plaintiff has not opposed the Motion. The Court now rules, as no hearing is necessary. *See* Local Rule 105.6.

    Plaintiff filed her Complaint on November 23, 2011. ECF 1. In her Complaint, she stated that she "received a right to sue letter" on August 24, 2011. *See* Complaint ¶ 10. A plaintiff alleging claims under Title VII must file suit within ninety days of the receipt of a right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). As defendant notes, if plaintiff received the letter on August 24, 2011, the ninety day deadline expired on November 22, 2011; the filing of suit, on

November 23, 2011, was one day too late. *See* Memo at 3. Therefore, the Court has no choice but to grant defendant's Motion. However, the Motion will be granted with leave to amend, for the reasons set forth below.

The right to sue letter is appended to plaintiff's Complaint, and reflects August 24, 2011, as the "date *mailed"* (emphasis added).[1] Yet, as noted, plaintiff stated in her Complaint that she *received* the right to sue letter on August 24, 2011, which is at odds with the content of the right to sue letter. Under Fed. R. Civ. P. 6(d), if the date of receipt is unknown or in dispute, "courts presume receipt three days after mailing." *Ish v. Arlington County Virginia*, 918 F.2d 955, *1 (4th Cir. 1990) (discussing predecessor rule, Fed. R. Civ. P. 6(e)). The *Ish* Court said: "[A]lthough Rule 6(e) does not automatically provide a three-day extension to § 2000e-5(f)(1), it does provide a presumption of receipt three days after mailing if the parties dispute the date of receipt." *Id. See Dixon v. Digital Equipment Corp.*, 976 F.2d 725, *1 (4th Cir. 1992) (same); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (allowing three days for mail service under then-Rule 6(e) for presumed receipt of right to sue letter from the EEOC); *Ragland v. Macy's, Inc.*, No. JKB–11–3106, 2011 WL 6370365, *1 (D. Md. Dec. 19, 2011) (observing that the "date of postmark should govern the calculation of when the right-to-sue letter was actually placed in the mail. Under Federal Rule of Civil Procedure 6(d), the ninety-day period for filing began three days later…").

It seems unlikely that plaintiff received the right to sue letter the same day it was mailed, which is essentially what is alleged in her Complaint. Because plaintiff has not responded to the Motion, she has not clarified the date of receipt. If plaintiff had alleged that the letter was *mailed*

---

[1] In considering a Rule 12(b)(6) dismissal, the court may properly consider documents "attached or incorporated into the complaint," as well as documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)

August 24, 2011,[2] the Court would presume receipt three days after postmark.  This means the clock for filing suit would have started to run on August 27, 2011, making the deadline for filing suit November 25, 2011, two days *after* plaintiff filed suit.  In other words, her suit would be timely.

Because plaintiff is self-represented, and may not have appreciated the significance of the distinction between mailing and receipt, as well as the need for a precise factual averment, I will grant the Motion, without prejudice to plaintiff's right to amend her Complaint, provided that she does so within fifteen (15) days from the date of the docketing of the attached Order.


Date: March 16, 2012                                     _____/s/_____
                                                        Ellen Lipton Hollander
                                                        United States District Judge

---

[2] Because plaintiff is proceeding *pro se,* her filings are to be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'"  *Ecirkson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).